**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0196n.06

**No. 19-5119**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| BUDGET CHARTERS, INC. et al., | ) | |
| | ) | **FILED** |
| Plaintiffs-Appellants, | ) | Apr 06, 2020 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| IVAN PITTS, et al., | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| Defendants-Appellees. | ) | |
| | ) | |

**BEFORE**: **BATCHELDER, DONALD, and READLER, Circuit Judges**

**ALICE M. BATCHELDER**, **Circuit Judge**. The California Area Band Association of Coal Center, Pennsylvania, contracted with Budget Charters, Inc. (Budget) to charter a bus for the group's trip to Nashville, Tennessee. Allen Newcomer, a Budget employee, drove the group to their first scheduled stop: a tour of the Parthenon at Nashville's Centennial Park. While the group was touring the attraction, Tennessee State Highway Patrol (TSHP) officers inspected the bus and found violations of federal and state regulations. When the group returned, the officers allowed Newcomer to drive them to their hotel. The officers followed the bus to the hotel, planning to finish the inspection after Newcomer dropped off the group.

En route to the hotel, the bus experienced mechanical troubles and Newcomer pulled to the side of the road. The officers noticed white powder in Newcomer's nose and became suspicious that he was snorting drugs. Newcomer explained that he only took medicine for his sinus condition and for his blood pressure but consented to a search of his person and his suitcase. Just before the

officers initiated a pat-down, however, Newcomer said he had prescription pain medication. One officer asked Newcomer if he snorted the pain medication. Newcomer responded affirmatively, but he claims that he meant that he *took* the pain medication, not that he snorted it.

The pills on Newcomer's person were stored in an unlabeled bottle. The officers allege that the the bottle contained "crushed up pills and a very short straw [of] about maybe two inches." R. 83-1, at 702. The officers retrieved Newcomer's suitcase from the bus and found his prescription bottle for Norco. The officers found one pill for 10 mg of Norco, even though Newcomer's prescription was for 7.5 mg. The officers asked Newcomer the last time he had used, how much, and if Newcomer was "grinding it up." Video #534 at 13:08:58. Newcomer answered that he took one whole pill the previous night and he ground it up with a "dollar bill and a lighter," *id.*, a response he later characterized as sarcastic joking. After conducting a field sobriety test, the officers arrested Newcomer for unlawful possession of a controlled substance, unlawful use of drug paraphernalia, and driving under the influence. But, presumably because none of the blood, urine, and breath tests performed on Newcomer confirmed the presence of drugs or alcohol, all criminal charges were dismissed.

Budget and Newcomer filed suit under 42 U.S.C. § 1983 against various Tennessee officials. Newcomer argued that the TSHP officers violated his Fourth Amendment rights at both the Parthenon and on the parkway; Budget claimed that the officers violated its Commerce Clause rights to engage freely in interstate travel and commerce. Budget and Newcomer also sought injunctive relief that would require Tennessee commissioners overseeing the THSP department to promulgate regulations prohibiting unfettered discretion in inspections of motor coach vehicles. The Tennessee officials filed a motion for summary judgment.

The district court granted the Tennessee officials' motion for summary judgment as to all claims. *Budget Charters, Inc. v. Pitts*, No. 3:17-cv-22, 2018 WL 6181345, at *6–15 (M.D. Tenn. Nov. 27, 2018). The court found that the THSP officers performed a constitutionally adequate inspection of the bus at the Parthenon and that the officers were protected by qualified immunity from Newcomer's claim that he was arrested on the parkway without probable cause. *Id.* at *6–12. The court also held that Budget failed to articulate facts or law supporting a Commerce Clause violation. *Id.* at *14. Because the district court found that Tennessee's regulatory scheme governing motor coach inspections was constitutionally adequate, it granted no injunctive relief. *Id.* at *14–15.

After carefully reviewing the record, the applicable law, and the parties' briefs, we are convinced that the district court did not err when it granted the Tennessee officials' motion for summary judgment. The district court's opinion carefully and correctly sets out the law governing the issues raised and clearly articulates the reasons underlying its decision. Thus, issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we AFFIRM.